**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* <br><br> TRACEY L. GLADDEN, <br><br>              Debtor. | Chapter 13 <br> Case No. 20-15557-MBK <br><br> Chief Judge Michael B. Kaplan <br><br> **Hearing Date: July 22, 2020** <br> **Hearing Time: 10:00 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

> **ATTENTION DEBTOR'S COUNSEL:**
> **FOR THE REASONS STATED HEREIN, THE PROPOSED CHAPTER 13 PLAN IS FACIALLY UNCONFIRMABLE. TO THE EXTENT NO WRITTEN RESPONSE TO THIS OBJECTION IS FILED AND NO ADJOURNMENT IS OBTAINED, COUNSEL FOR THE UNITED STATES WILL NOT BE APPEARING AT THE SCHEDULED HEARING ON THIS MATTER AND WILL INSTEAD RELY ON THIS WRITTEN OBJECTION.**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Chapter 13 Plan (the "Plan") [ECF Doc No. 2]. In support thereof, the Service respectfully represents as follows:

# OBJECTION

## A. The Plan is Not Confirmable with Respect to the Service's Secured Claim

1. With respect to the secured claim asserted by the Service in the amount of $11,977.00 (the "Secured Claim")[1], the Plan fails to comply with the provisions of Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a Chapter 13 Plan provide for the retention of the secured creditor's liens and full payment, plus post-confirmation interest. *See* Claim No. 2. Here, the Plan provides for no payment of the Secured Claim. *See* Plan, Part 4. This defect renders the Plan unconfirmable.

2. In addition to failing to provide for full payment, the Plan is not confirmable with respect to the Secured Claim for the following reasons:

    a. It fails to provide that the Service will retain its liens against the property of the Debtor[2] for the time periods required by § 1325(a)(5)(B)(i)(I)-(II).

---

[1] The value of the Secured Claim is based on the scheduled value of the Debtor's real and ***personal*** property. Debtor's Schedule A/B: Property [ECF Doc. No. 1].

[2] It bears noting that property claimed as exempt by the Debtor under Bankruptcy Code Section 522 does not impact that allowed amount of the Secured Claim. 11 U.S.C. § 522(c)(2)(B) (mandating that "property exempted under this section is not liable during or after the case for any debt of the debtor . . . except . . . *a debt secured by a lien that is . . . a tax lien, notice of which was properly filed*." (emphasis added)); *Paratore v. IRS (In re Paratore)*, 1995 Bankr. LEXIS 508, at *9 (Bankr. D.N.J. 1995) ("It is clear from § 522(c)(2)(B), that Congress did not intend that any bankruptcy debtor could exempt any property from a perfected tax lien."); *see also Downey v. Georgia (In re Downey)*, 2006 Bankr. LEXIS 2737, at *4 (Bankr. N.D. Ga. Sept. 27, 2006) ("The Debtors' estate has an interest in the motor vehicles and personal property, and the Debtor cannot exempt those assets from a tax lien, notice of which is properly filed . . . If the tax lien was properly filed, then, the State has a secured claim to the extent of the value of the Debtors' assets.") (internal quotation marks omitted). As noted above, the Plan's failure to pay the full amount of the Secured Claim renders the Plan unconfirmable.

    b. It fails to calculate (and provide payment for) post-confirmation interest on the Secured Claim. *Id.* § 1325(a)(5)(B)(ii); *In re Princeton Office Park, L.P.*, 423 B.R. 795, 806 (Bankr. D.N.J. 2010) (recognizing that section 1325(a)(5)(B)(ii) requires payment of an appropriate rate of post-confirmation interest on secured claims).

        i. The interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (5%), applies here. 11 U.S.C. § 511(a)-(b). Thus, the Plan must calculate (and provide for payment of) post-confirmation interest on the Service's Secured Claim over the entire 36-month Plan period.

## B. The Plan is Not Confirmable With Respect to the Service's Priority Claim

3. With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Here, the Plan provides for no payment of the priority claim filed by the Service in the amount of $75,246.91. Plan, Part 3; Claim No. 2. On this basis, the Plan cannot be confirmed under Bankruptcy Code section 1322(a)(2).

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan until such time as the above-referenced defects in the Plan are cured; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: July 1, 2020

                                                CRAIG CARPENITO
                                                United States Attorney

                                                */s/ Eamonn O'Hagan*
                                                EAMONN O'HAGAN
                                                Assistant U.S. Attorney

                                                *Attorneys for the*
                                                *United States of America*